The cause then having been argued, Chancello? Gaiilard delivered the following decree ;
*509 The intention of the testator must be the rule of de-cisión. Mr. Beale by a deifed dated in March, 1803, had assigned the rents and income of his wharf to trustees to pay to Mrs. Webley 500L and 5001. m,ore to each of her two sons. He sent for Mr. Smith to make his will, and directed him to give his estate to his daughters. On being told that it might be his wish to provide for the boys, the two Webleys, he replied, « they are provided for already.” This drew from Mrs. Webley this expression : “ No, Mr. Beale, that is good for nothing and appealed to Mr. Langstaff, who assented to what she said. On this Mr. Beale said “ then I give them one thousand pounds.” Being asked whether he meant one' thousand pounds to the two, he answered “ 1000k to each.” And to another question, whether he intended interest to be paid on the legacies ? He said « no.*’ This evidence is admissible ; it does not contradict the will; it only relates to declarations of the testator at the time of making his will, and to a fact on which he made it. These declarations too are consistent with the will. The testator intended to give to each of the Webleys one thousand pounds, and has done so. He intended that the legacies should not draw interest before they should become payable ; they draw interest only from that time. The only question as to the two Web. leys is, whether they are entitled to the legacies, and to -the thousand pounds, in the deed of March, 1803. It is very evident he did not intend that they should take both. His expression on being told that the deed of March, 1803, was good for nothing, «then I give them one thousand pounds,” is conclusive. This raises then a case of election. The Webleys cannot take under the deed and will too. They may take under either. The next question relates to Mrs. Webley. It is said that Mr. Beale intended the deed of November, 1803, in lieu and substitution of the deed of March, 1803. There is nothing in this deed from which this inference can be drawn. Mr. Langstalf thinks that Mr. Bcaloso intend-
*510 Mrs. Webley’s conduct in saying to Mr., Be^Ie that-the deed of November was good for nothing, is free fr°m any imputation of fraud or intention to deceive Mr. Beale, Immediately after the will was executed', she shewed the deed to Mr. Smith, and said this is the PaPer ^r* Beale spoke of, She and Mr. Langstaff were probably both led into the mistake that the deed was good for nothing from the circumstance that no money had been received under it, in consequence of Mr. Lang-staff’s having a lease of the wharf, and being always in advance for Mr. Beale, and what is material arid has great weight with me is that Mr, Beale, until immediately before he executed his will, was under aii impression that the deed of November wás good. If lift had left any thing in his will to Abigail Webley, she would be put to her election also. But she is not named in the will. It must be referred to the master to ascertain what is due to Mrs, Webley under the deed, and she must be allowed interest from the time she was entitled to receive the 50Ok that is as soon as. from the rents and income of the wharf that smn would have been due, after paying the subsisting charges on it. It is also referred to the master to report the sums due on the legacies, with interest from the time they are directed to he paid. It- is ordered and decreed that the executors of Mr. Beale do pay to the said Abigail Webley, whatever sum may be due to her under the deed of March, 180S, and the legacies to the two Wobleys with interest from the time of tlieir respectively becoming due, should the said complainants elect to take under the will of the testator> John Beale. The costs to be paid ,out of the estate*
THEODORE GAILLARD.
h'rom this decree an appeal was made, on the ground that the Court erred :
1. In admitting parol evidence of the declarations of the defendant’s testator at the time of making his will.
In putting the sons of Mrs, Webley to their dec- *511 fciofl, either to take under the will and renounce their Claims under the deed, or to take under the deed and re-Bounce their legacies under the will. Under this head it will he contended, as it was at the trial, that the parol evidence, even if it wore admissible, a case of election. does not make out
Mr. K. L. SimoNs, for the appellant's.
Mr. W. L. Smith, for respondent.
Mr. Simons for appl’ts stated the evidence.
The deed, tvas dated 24th March, 1803, recorded 14th Nov. 1803, Mr. Beale to Francis Bremar and Florian Charles Mey, in trust. Deed, 10th November, 1803, from Mr. Beale to Abigail Webley, (providing'for her.)
Deed, 22d October, 1807", relating to two negroes, annexed to the foregoing. Deeds recorded. Mr. Beale’© will in October, 1807", giving 10001. a piece to Mrs., Webley’s sons.
He insisted that this is not a case of satisfaction or performance, nor election, nor ademption. Roberts on. frauds, p. 46, Note No. 15. Blandy and Were, 1P. Wms. Wilcox and Wilcox, to shew that this will is not a performance of the provisions of the deed of 24th of March, 1803.
The question of performance applies only to executo-ry contracts.
Barret v. Beckford, 1. Yes. 521, to shew this is not a case of satisfaction. Saville v. Saville, 2 Atk. 461 ; Allen v. Allen, 2 Yes. 37, 2 Fonbl. 327 $ 1st Ves. Jun. 298, Forsyth v. Grant, 2 Ves. Jun. 464, Richardson v0 Elphin ; 1 Bro. 130,- v. - ; 3 Atk. 183, Room v. Room ; 1 Bro. 555, Holmes v. Holmes ,• 1 Bro-425, Grave v. Salisbury; 2 Bro. 521, - v. Man j Powel v. Cleaver, 2 Bro. 518 ; Baugh v.-, 1 Yes. ser. 257 ; Broughten v.-, 7 Ero. P. C. 112 : East. •wood v. Pinko, 2 P, Wins. 618.
The appeal was heard by the Court, consisting of Chancellors James, Thgmpoojs, Desaussuiíe, Gaie-3DAKD. and Waties.
Satisfaction must be something of the same kind, m certainty, quantity and quality.
The legacies in this case could not be in satisfaétion, 0£ the provision of the deed.
The will was ambulatory and might not have taken for m ajW ? eara*
Under the deed there was a provision for survivor-ship ; not so in the will.
The legacy might have become a lapsed legacy.
Nor is this a case of election. For that is a case where a man takes under a will, and is not permitted to claim against the will. No such case arises in this cause ; for the claim under the deed and the Will, are not in opposition to each other.
This is not a case of ademption. A will may adeem in another willbut a will cannot adeem what is given under a deed. If a will provides for a son, and af-terwards the father 'gives him an equal amount, this may be ademption. Lord Talbot’s cases, 240. — - Brownes. Selwyn. Chancery cases, 240. 2 Aik. ST'S. YYcscy, jun. Stanyarn x\s. Stahyarn, 591. Peakee 116, 2 Pothior, 205. The result of these cases is, that where writing is necessary by the statute of frauds, there parol evidence is inadmissible, except in cases where it is necessary to explain j 1» circumstances of the family ; 2. condition of property, as parcel or no parcel ; or unless there be a patent ambiguity. Where writing is not necessary to give effect, there parol evidence is admissible in. Cases of patent ambiguities.
Mr. Smith for defendant.
It is laid down in all the cases, that parol testimony is admissible in cases of election. 1 Bro. 296. Evidence may not be used to explain what testator meant by the words lie used ; but it may as to facts on which the testator made his will. 1 Yesey, 323. Mascall v. Mascaíl; 3 Atk. 77; 3 Yes. Hinchcliff v. Hinchcliffe. Papers found in the hand writing of the testator, explaining his affairs, were received as parol evidence. 8 Term, 147. Doé on Dem. of Small vs\ Allen. Parol evidence was admitted.
See p. 66, 7, in Roberts, to shew that Lord Taibot had been wrong in refusing parol evidence in Brown v. Sel-wyn.
It is of importance that the declarations of the testator should be at the time of making the will, 2 Fonbh 477". Parol evidence not admissible to add to or alter a will unless fraud or mistake is alleged. Trimmer v. Bayne, 7th Ves. 508 ; Robinson V; Whitley, 9th Ves¿ 577 ; 14th Yes* 322 ; 2d Washington’s rep. p. 55. i
The entire exclusion of parol evidence would exclude it even in cases of fraud, which cannot be contended for. 1 Binney, 610, 612 ¡ 2 Hen. Bla. 213. Parol evidence admitted to prove that one legacy was intended* Cuth-bert Vi Peacock, 2 Verm 593.
The Court of Appeals unanimously affirmed the decree of the Circuit Court, for the reasons given therein.*

 The doctriné of election is well laid down in the 2d vol. of Schoales and Lefroy, 440; in the case of Birmingham and Kirwan. Lord chancel, lor Redesdale thére says, that the foundation of the rule of election is, that a person cannot accept and reject the same instrument — and this rule is equally applicable to any species of instrument, whether deed or will; and is a rulé of law as well as of equity. But the court of equity by its mode of proceeding, can give the rule more effect and application to various cases ; and it applies to dower as well as to other cases. But the intent to exclude dower, must be demonstrated by express words, or by clear and manifest intention. See Villa real vs. Galway. - Ambler, 682. VVhat amounts to satisfaction of one provision by another, is a question of intention. See Richardson vs. Morgan, 1 Bro. C. C. 63. 2 Bro. C. C. 394. 3 Vesey, 516, 530. Seethe cases collected in Bellasis vs. Uthwatt. 1 Atk. 427, in a note of Sanders’ edition.
Parol evidence to rebut the presumption, that a portion given' in the life time was intended to be in lieu or satisfaction of a legacy, is admis* sible, without regard to the nature of the parol evidence. Lord Thur-lew, lord Kenyon, and other judges, admitted parol evidence; but judge Butler (sitting as chancellor) said, that if he sat long in- court, he would drive out parol testimony on these questions ; but lord Eldon said the rule for the admission of it was too firmly established to be shaken. These cases are never sent to a jurv.